**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LARRY WILLIAM CORTINAS,

Plaintiff,

v.

STANISLAUS COUNTY PUBLIC SAFETY CENTER, et al.,

Defendants.

No. 2:26-cv-2669-ICD-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for a preliminary injunction and a temporary restraining order (TRO), ECF No. 2.

The legal principles governing temporary restraining orders and preliminary injunctions are well established. To prevail, the moving party must demonstrate that irreparable injury is likely if the injunction is denied. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (*citing Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

When a plaintiff seeks a mandatory injunction—one that commands a party to take affirmative action rather than simply maintaining the status quo—the burden is "doubly demanding." *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015) (*en banc*). Mandatory injunctions are "particularly disfavored" and should not issue in doubtful cases; the moving party must establish that the law and facts clearly favor their requested relief. *Id.*

To the extent older circuit precedent suggested a lesser standard focused merely on the "possibility" of irreparable harm, those cases are no longer controlling or viable. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Under *Winter*, the moving party must satisfy four distinct elements:

1. Likelihood of success on the merits;

2. Likelihood of irreparable harm in the absence of preliminary relief;

3. The balance of equities tips in their favor;

4. An injunction is in the public interest.

*See Stormans*, 586 F.3d at 1127 (*citing Winter*, 555 U.S. at 20).

Alternatively, the Ninth Circuit employs a "sliding scale" approach to the Winter test. Under this standard, if a plaintiff establishes "serious questions going to the merits"—a lower threshold than a clear likelihood of success—a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, provided the plaintiff also satisfies the remaining two Winter factors (irreparable harm and public interest). *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (*quoting Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the complaint on August 3, 2026, asserting claims against Defendants (1) Stanislaus County Public Safety Center (SCPSC); (2) De Los Santos (Sheriff Sergeant); (3) Bailey (Sheriff Deputy); (4) Erin (SCPSC staff); (5) Jamie (nurse at SCPSC); (6) Smith (physician at SCPSC); (7) Holy (SCPSC staff); (8) Crystal (nurse at SCPSC); and (9) Swartzman (Sheriff Deputy at SCPSC). ECF No. 1 at 1–3. Plaintiff alleges denial of medical care, denial of the right to utilize grievance processes, an Americans with Disabilities Act (ADA) claim, and a First Amendment claim. ECF No. 1.

## II. DISCUSSION

Plaintiff filed a document which the Court will construe as a motion for injunctive relief. ECF No. 2. Plaintiff requests the Court enjoin Defendants from "denying medical treatment and appointment to neurosurgeon Morris Senegar at San Joaquin Hospital," to compel "medical care as neurosurgeon Senegar prescribes," "left testicle hydrocele surgery as prescribed by San Joaquin Hospital," other medical treatment, and to provide Plaintiff with "an electronic tablet that functions as all other incarcerated persons have in Stanislaus County Public Safety Center." ECF No. 2 at 2.

///

**A. Medical Treatment**

Plaintiff must show that he is likely to succeed on the merits of his complaint in order for the Court to grant his request for an injunction requiring Defendants to provide Plaintiff with the medical care he requests. *See Stormans*, 586 F.3d at 1127 (*citing Winter*, 555 U.S. at 20). Plaintiff requests medical care which his complaint alleges has been improperly withheld. *See* ECF No. 1 at 4.

A difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not generally give rise to an Eighth Amendment claim. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). However, a claim involving alternate courses of treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in conscious disregard of an excessive risk to the prisoner's health. *See id.; see also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

Here, Plaintiff alleges that he has been denied the medical treatment he prefers, but he does not make a clear showing that his requests for surgery have been denied in favor of treatment which is either medically unacceptable or was chosen in conscious disregard of an excessive risk to his health. *See Toguchi*, 391 F.3d at 1058. The Court rules that Plaintiff has not shown a high likelihood of success to the extent his original claim relies on the denial of the surgeries he has requested.

**B. Tablet Access**

Plaintiff must show he is likely to suffer irreparable harm in the absence of an injunction. *See Stormans*, 586 F.3d at 1127 (*citing Winter*, 555 U.S. at 20). Plaintiff requests the Court order SCPSC to provide him with an electronic tablet as other inmates have. ECF No. 2 at 2. While Plaintiff may desire such an item, he does not make a showing of irreparable harm should he not have access to the tablet. *See id.* At this stage, an injunction compelling SCPSC to provide Plaintiff with a tablet is not warranted.

///

///

Based on the foregoing, Plaintiff's motion for injunctive relief (ECF No. 2) is DENIED.

SO ORDERED.

Dated: November 2, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE