**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LARRY WILLIAM CORTINAS,

Plaintiff,

v.

STANISLAUS COUNTY PUBLIC SAFETY CENTER, et al.,

Defendants.

No. 2:26-cv-2669- ICD-P

ORDER

Plaintiff is a prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.*

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the complaint on August 3, 2026, asserting claims against Defendants: (1) Stanislaus County Public Safety Center (SCPSC); (2) De Los Santos (Sheriff Sergeant); (3) Bailey (Sheriff Deputy); (4) Erin (SCPSC); (5) Jamie (nurse at SCPSC); (6) Smith (physician at

SCPSC); (7) Holy (SCPSC); (8) Crystal (nurse at SCPSC); and (9) Swartzman (Sheriff Deputy at SCPSC). ECF No. 1 at 1-3.

Plaintiff's first claim alleges that Defendant Erin approached De Los Santos and the two conspired to deny Plaintiff medical care. ECF No. 1 at 4. Plaintiff claims his First and Eighth Amendment rights were violated because Defendants prevented him from accessing medical care and from filing grievances contesting the denial of medical care. *Id.* Defendant Jamie later told Plaintiff he had refused medical care when he never made such a refusal, and Defendant Holy called Plaintiff a liar. *Id*. Defendant Crystal refused to provide Plaintiff with Tylenol or any other pain relief medication. *Id.* Because of the denial of medical care and denial of access to the grievance system, Plaintiff was left in constant pain, with uncontrollable left arm movements, and was unable to sleep or maintain normal daily functions. *Id.*

Plaintiff's second claim alleges that Defendants Swartzman, Bailey, and De Los Santos have denied him access to an electronic tablet. *Id.* at 6. Plaintiff claims a violation of his rights under the Americans with Disabilities Act (ADA) because he is wheelchair-bound and Defendant Bailey told him, "Hotwheels [Defendant's nickname for Plaintiff] doesn't need a tablet. The cripple couldn't use it anyway." *Id.* Defendant De Los Santos told Plaintiff to "stop being a lawyer" and borrow or rent a tablet. *Id.* Defendant Swartzman told Plaintiff that under no circumstances would he give Plaintiff a working tablet and told Plaintiff that because he is a Muslim, Plaintiff could ask his god to walk again. *Id.* Plaintiff claims violations of his First and Fourteenth Amendment rights by Defendants for denying him access to a tablet based on his religion and disabled status. *Id.* at 7. These violations have caused Plaintiff mental stress and emotional fear of injury. *Id.*

## II. DISCUSSION

**Claim 1 – Access to Medical Care**

Plaintiff claims he was denied access to medical care by Defendants Erin, De Los Santos, and Crystal. *See* ECF No. 1 at 4. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993);

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . .embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. *See Farmer*, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." *See id.*

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, give rise to a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 105; *see also Farmer*, 511 U.S. at 837. The Ninth Circuit's test for deliberate indifference requires the plaintiff to show "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991) overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). Plaintiff must also show the defendant's response to the medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096. To satisfy the high standard for deliberate indifference, a plaintiff must demonstrate "(a) a purposeful act or failure to respond to [his] pain or possible medical need and (b) harm caused by the indifference." *Id.*

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. *See McGuckin*, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. *See Toussaint*, 801

F.2d at 1111. Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. *See Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000) (2). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. *See McGuckin*, 974 F.2d at 1060.

Here Plaintiff alleges that he was not provided with Tylenol or other pain medication to ease his symptoms. ECF No. 1 at 4. Plaintiff pleads a plausible claim for deliberate indifference to serious medical needs. Defendant Crystal refused to provide Plaintiff with pain medication when he stated he was in constant pain and could not sleep or maintain normal daily functions. Id. Defendant Crystal's refusal to provide Plaintiff with pain medication is sufficient grounds to state a plausible indifference to medical needs claim. *See Jett*, 439 F.3d at 1096. Defendants Jaime and Holy also refused to provide Plaintiff pain relief or to examine him after complaints of a fall and left shoulder bruise. ECF No. 1 at 5. As above, Plaintiff pleads a plausible claim for deliberate indifference to serious medical needs.

Plaintiff further alleges that Defendants Erin and De Los Santos conspired to deny Plaintiff medical care. ECF No. 1 at 4. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. *See Monell v. Dep't of Social Servs*., 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1888).

While Plaintiff asserts that Defendant Erin and De Los Santos "conspired on how to deny [him] medical care," he provides no further information as to how the Defendants acted, participated, or omitted to act in a way which violated Plaintiff's rights. ECF No. 1 at 4; *see*

*Johnson*, 588 F.2d at 743. Plaintiff has not pled sufficient, particularized facts to establish a § 1983 conspiracy claim against the Defendants. *See Kimes*, 84 F.3d at 1129.

**Claim 1 – Access to Grievance Process**

Plaintiff makes a First Amendment claim, asserting he was denied access to grievance processes. ECF No. 1 at 4. Prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. *See Smith v. Calderon*, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); *Cage v. Cambra*, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); *James v. U.S. Marshal's Service*, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); *Murray v. Marshall*, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Plaintiff fails to provide clear allegations as to how Defendants interfered with the grievance process. *See Leer*, 844 F.2d at 634. Plaintiff merely states that Defendants Erin and De Los Santos "conspired on how to deny me medical care. By removal of my 1st United States Constitutional Right/Amendment Freedom of Speech to with (the grievance process)." Plaintiff's lack of specific allegations as to how his First Amendment rights were interfered with defeats his claim.

**Claim 2 – Americans with Disabilities Act (ADA) Claim**

Plaintiff claims a violation of his rights under the ADA because he is wheelchair-bound and Defendant Bailey told him "Hotwheels [Defendant's nickname for Plaintiff] doesn't need a tablet. The cripple couldn't use it anyway." ECF No. 1 at 6.

The ADA applies in the prison context. *See* 42 U.S.C. § 12131(1)(B); *United States v. Georgia*, 546 U.S. 151, 154 (2006). The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B). Public entity, "as it is defined within the statute, does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). "In suits under Title II of the ADA...the proper defendant usually is an organization rather than a natural person.... Thus, as a rule, there is no personal liability under Title II." *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA"); *see also Heinke v. County of Tehama Sheriff's Dept.*, No. CVI S–12–2433-LKK-KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); *King v. Hubbard*, 2009 WL 4052721, at *7 (E.D. Cal. Nov. 19, 2009) ("Individual liability is precluded under Title II of the Americans with Disabilities Act, and Plaintiff may not pursue his ADA claim against the individual defendants named.").

Title II of the ADA covers state prison inmates. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998). To present an ADA claim, an inmate must show: (1) they are an individual with a disability; (2) they are qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) they were either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of their disability. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010) overruled in part on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

For the purposes of the ADA, a disability is a physical or mental impairment that

substantially limits one or more major life activities. *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014). To qualify, a disability must limit the ability of an individual to perform a major life activity as compared to most people in the general population. *See Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1226 (9th Cir. 2022). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* (citing 42 U.S.C. § 12102(2)(A)).

To be cognizable, a Title II claim for compensatory damages must allege that the defendants were deliberately indifferent to Plaintiff's need for accommodation. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001). To show deliberate indifference, Plaintiff must have provided notice to Defendants by identifying specific reasonable and necessary accommodations. *Id.* (citing *Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir. 1999)). But providing notice is unnecessary if the need for accommodation is "obvious" or is required by statute or regulation. *Id*. Plaintiff must also allege that once notice was provided, the defendants failed to "undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Id*. Upon receiving notice, the defendants "have a duty to gather sufficient information from [Plaintiff] and qualified experts as needed to determine what accommodations are necessary." *Id*. (citing *Wong v. Regents of the University of California*, 192 F.3d 807, 818 (9th Cir. 1999). Ultimately, the "failure to act must be a result of conduct that is more than negligent[] and involves an element of deliberateness." *Id.*

Because Plaintiff named SCPSC as a defendant, the Court treats Plaintiff as intending to sue that entity for his claim under the ADA. Plaintiff's assertion that he uses a wheelchair is clear evidence of a disability under the ADA. *See* ECF No. 1 at 6. Plaintiff asserts that all other inmates are able to use tablet computers but that he was not given a tablet, evidently because a corrections officer believed he could not operate it due to his disability, which Plaintiff appears to contest. Id. Plaintiff pleads a cognizable ADA claim against SCPSC. *See Simmons*, 609 F.3d at 1021.

**Claim 2 – First Amendment claim**

Plaintiff appears to plead a First Amendment, freedom of religion, claim because Defendant Swartzman told him that under no circumstances would he give Plaintiff a working tablet and told Plaintiff that because Plaintiff is a Muslim, Plaintiff could ask God to walk again. ECF No. 1 at 6. Plaintiff fails to allege a violation of a right or injury connected to his religion.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez, 203 F.3d at 1126, 1131. Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. *See* Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. *See id.*

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (1980), abrogated on other grounds by *Kay v. Ehrler*, 499 U.S. 432 (1991). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. *See May v. Enomoto*, 633 F.2d 164, 167 (1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (1978).

///

///

///

///

///

///

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within **30 days** of the date of service of this order.

Dated: November 3, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE